IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREGORY T. BERGER,<br><br>Petitioner,<br><br>vs.<br><br>ROB JEFFERYS, Director NDCS;<br><br>Respondent. | 8:25CV571<br><br>MEMORANDUM AND ORDER |

    This matter is before the court on preliminary review of Petitioner Gregory T. Berger's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

    Claim One:    Petitioner received ineffective assistance of counsel because trial counsel: (1) failed to investigate facebook messages showing coercion and exculpatory evidence that would have proven Petitioner's innocence; (2) failed to present evidence showing a sexual predator lived in the victims' home; (3) failed to impeach and/or move to strike the testimony of prosecution witnesses; (4) failed to object to and/or move to strike coached testimony; (5) used "guilty" language when referencing Petitioner throughout the trial; (6) failed to find the interview CD lost by the police; (7) failed to move to strike hearsay evidence; (8) failed to present evidence that Petitioner

|   |   |
|---|---|
|   | attempted to take the victims to mental health therapy; and (9) seriously mishandled the pretrial preparation and proceedings. |
| Claim Two: | The trial court erred in: (1) refusing to allow Defendant's medical expert to review the victims' medical and mental health records; and (2) striking and refusing to allow Defendant's medical expert to testify on direct or rebuttal. |
| Claim Three: | Appellate counsel failed to: (1) investigate the victims' mental illness and health records once those records were unsealed, and then allowed the records to be resealed, thus depriving review and testimony by Petitioner's expert witness; and (2) raise all issues Petitioner requested on appeal, including his excessive sentence, the judge's emails, and medical files. |
| Claim Four: | The trial process was prejudicial because, during Petitioner's trial held during the height of the pandemic, no one could hear, faces were covered, and the defense could not see the jury. |

The Court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, **the Court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.**

2

IT IS THEREFORE ORDERED that:

1. By **November 20, 2025**, Respondent must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **November 20, 2025**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

2. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

  D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

  E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

  F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (See the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.

 3. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

  A. By **November 20, 2025**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

  B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer

4

is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts.*

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **December 22, 2025**: check for Respondent's answer and separate brief.

4. No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 6th day of October, 2025.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge